UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                                Plaintiff,

                                                                               1:23-CV-664
      v.                                                                    (BKS/DJS)

BIO-REFERENCE LABORATORIES, INC.,

                                Defendant.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

ERNESTINE WELCH
Plaintiff *Pro Se*
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has granted.

### I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

      28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff filed this complaint following a settlement agreement with Defendant in a separate lawsuit. Compl. at ¶ 4; *Welch v. Bio-Reference Laboratories, Inc.*, 1:19-cv-846 ("*Welch I*"). The settlement agreement in that case provided for a monetary award and specifically noted that it would be subject to the appropriate taxes. *Welch I*, Dkt. No. 41 at p. 2; *Welch v. Bio-Reference Laboratories, Inc.*, 2023 WL 1978857, at *1 (2d Cir. 2023). Upon receipt of her settlement, Plaintiff filed a motion to vacate the judgment dismissing her case. *Welch I*, Dkt. No. 34. She did so based upon her objection to the characterization and taxation of the settlement. *Id.*; Compl. at ¶ 5. The Motion was denied given that the fact that the settlement proceeds would be taxable was a clear component of the settlement. *Welch I*, Dkt. Nos. 41 & 49. Plaintiff sought reconsideration, but that Motion was denied. *Welch I*, Dkt. No. 51. Plaintiff appealed, *Welch I*, Dkt. No. 52, and the United States Court of Appeals for the Second Circuit affirmed. *Welch v. Bio-Reference Laboratories, Inc.*, 2023 WL 1978857, at *1 (2d Cir. 2023). In its decision, the Second Circuit noted that Defendant had fully complied with the settlement

agreement. *Id.* at *2. The Court also noted that while Plaintiff's filing of a tax return seeking return of money to which she claimed an entitlement "might appear to render Welch's appeal moot, we decline to dismiss on that ground because Welch may seek damages resulting from the lost time-value of money." *Welch v. Bio-Reference Laboratories, Inc.*, 2023 WL 1978857, at *2 n.3. Following that order, Plaintiff filed the present claim seeking the lost time-value of money. *See generally* Compl.

### C. Analysis of the Complaint

A court's initial review of a complaint under section 1915(e) must apply the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Rule 8 is intended "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). When a complaint does not comply with Rule 8's pleading requirements it presents too heavy a burden for defendants to defend against "and provides no meaningful basis for the Court to assess

the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Here, the Court recommends that the Complaint be dismissed based on a lack of jurisdiction.

Plaintiff's Complaint fails to meet the requirement under Rule 8 that it specifically identify the grounds for jurisdiction. Plaintiff's Complaint has been filed on a 42 U.S.C. § 1983 form complaint. The jurisdictional statement asserts federal question jurisdiction on the basis of section 1983. Compl. at ¶ 1. Plaintiff, however, is seeking "damages resulting from the lost time-value of money." *Id.* at ¶ 6. She identifies neither a federal constitutional or statutory claim nor a state actor alleged to have interfered with such a right, both of which are required for a claim under section 1983. *See, e.g.*, *Dayter v. Ploof*, 2023 WL 346241, at *1 (N.D.N.Y. Jan. 19, 2023); *Dobbs v. Citizens Bank*, 2022 WL 17979844, at *2 (N.D.N.Y. Dec. 7, 2022), *report and recommendation adopted*, 2022 WL 17978834 (N.D.N.Y. Dec. 28, 2022). There is no further indication of valid federal jurisdiction in Plaintiff's Complaint.

While courts have litigated similar legal claims when jurisdiction has been premised on diversity, *see, e.g.*, *Petrosino v. Fastenal Co.*, 2023 WL 3496362, at *7 (N.D.N.Y. May 17, 2023), Plaintiff and Defendant are both listed with New York addresses, and Plaintiff makes no assertion of diversity jurisdiction. Compl. at ¶¶ 2-3.

Because Plaintiff has failed to state any grounds for this Court's jurisdiction over this matter, the Court recommends that the Complaint be dismissed. "A *pro se* complaint

is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the

defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 24, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge