UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                                    Plaintiff,                1:23-cv-664 (BKS/DJS)

v.

BIO-REFERENCE LABORATORIES, INC.,

                                    Defendant.
_____

**Appearances:**

*Plaintiff pro se*
Ernestine Welch
Hudson, NY 12534

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Ernestine Welch filed a complaint pro se on a 42 U.S.C. § 1983 form complaint, asserting federal question jurisdiction on the basis of § 1983. (Dkt. No. 1). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on July 24, 2023, issued a Report-Recommendation and Order ("Report-Recommendation"), granting Plaintiff's application to proceed IFP, and recommending, after conducting an initial review under 28 U.S.C. § 1915(e), that Plaintiff's complaint be dismissed with leave to amend. (Dkt. No. 6). Plaintiff was informed that she had fourteen days within which to file written objections to the report under 28 U.S.C.

§ 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 7).[1]

On September 8, 2023, Plaintiff filed a document purporting to contain a "Brief for Damages: For Lost Time – Value of Money," and also "Amended Pleadings." (Dkt. No. 9). For the reasons set forth below, Plaintiff's "Amended Pleadings" is accepted for filing as an Amended Complaint and the Report-Recommendation is denied as moot.

## II.   STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the

---

[1] The Court subsequently granted Plaintiff's request for an extension of time to file objections. (Dkt. No. 8).

original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

### III. DISCUSSION

Plaintiff's submissions were docketed as "objections," but are titled "Brief for Damages: For Lost Time – Value of Money" and "Amended Pleadings." (Dkt. No. 9). Indeed, Plaintiff fails to object to any particular aspect of the Report-Recommendation. In any event, because it appears Plaintiff intends her submission to be an Amended Complaint, which she may file "once as a matter of course," Fed. R. Civ. P. 15(a)(1), it is accepted for filing. Moreover, Plaintiff's filing of an Amended Complaint renders the Report-Recommendation, which considered the original Complaint, moot. Accordingly, the Court refers the Amended Complaint to Magistrate Judge Stewart for initial review under 28 U.S.C. § 1915(e),[2] including whether there is diversity jurisdiction under 28 U.S.C. § 1332(a) as the record indicates (1) that Plaintiff is a resident of New York and Defendant may be a resident of New Jersey, (Dkt. No. 1-2; *see also* Dkt. 9, at 15), and (2) that although the amount in controversy appears to be at most $18,000, Plaintiff also seeks punitive damages, (*id.* at 11, 13).

### IV. CONCLUSION

For these reasons, it is

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 6) is **DENIED as moot**;[3] and it is further

---

[2] 28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] Insofar as the Report-Recommendation and Order granted Plaintiff's application for IFP status, it remains intact.

3

**ORDERED** that the Clerk is directed to change Docket Number 9 from "Objection" to "Amended Complaint;" and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 9) is the operative pleading and is referred to Magistrate Judge Stewart for initial review under 28 U.S.C. § 1915(e); and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 27, 2023
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge