UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                               Plaintiff,

                                                                    1:23-CV-664

      v.                                                         (BKS/DJS)

BIO-REFERENCE LABORATORIES, INC.,

                               Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

ERNESTINE WELCH
Plaintiff *Pro Se*
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      On July 24, 2023, this Court issued a Report-Recommendation that the Complaint in this matter be dismissed based on the Plaintiff's failure to adequately allege a basis for jurisdiction in this Court. Dkt. No. 6. The Court further recommended that Plaintiff be granted leave to file an amended complaint. *Id.* Plaintiff then filed what has been docketed as an Amended Complaint. Dkt. No. 9. In light of that filing, the District Court found the Report-Recommendation moot and referred the Amended Complaint to the undersigned for review pursuant to 28 U.S.C. § 1915(e). The standard for review under that section was previously set forth in detail and will not

be repeated. Dkt. No. 6 at pp. 2-4. For the reasons set forth below, the Court recommends that the Amended Complaint be dismissed.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 511-12 (1973); *see also Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). Federal courts are courts of limited jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Jurisdiction exists when the matter at issue arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction also exists when diversity of citizenship is present. 28 U.S.C. § 1332. When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Amended Complaint, as did the original Complaint, specifically asserts federal question jurisdiction. Am. Compl. at p. 7; Compl. at p. 1. For the reasons set forth in the prior Report-Recommendation, nothing in the amended pleading changes the fact that no basis for federal question jurisdiction exists here.

The Amended Complaint, however, raises a question about whether diversity jurisdiction exists. "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F.

Supp. 2d 453, 455 (W.D.N.Y. 2011).  Attachments to the Amended Complaint show that Defendant has a New Jersey address.  Am. Compl. at p. 17.  Plaintiff alleges that she is a New York resident.  *Id.* at p. 2.  This is sufficient to establish diversity of citizenship, at least at this stage of the proceedings.

The amount in controversy requirement, however, presents a different question.  The actual amount of specific compensatory damages is clearly below the $75,000 requirement under section 1332 since the actual settlement amount in Plaintiff's prior litigation was only $18,000, and the disputed amount purportedly withheld incorrectly is even less.  Plaintiff, however, seeks an unspecified amount punitive damages in this action. Am. Compl. at p. 13.   While Federal courts are clear that they will consider the addition of punitive damages as part of the jurisdictional prerequisite where such damages are permitted under the controlling law of the state, they will nevertheless review such punitive damage claims with "heightened scrutiny." *Nwanza v. Time, Inc.*, 125 F. App'x. 346, 348-49 (2d Cir. 2005).  In New York, outside the tort context, a claim for punitive damages typically requires a showing of some form of egregious conduct directed at the public generally.  *See*, *e.g.*, *Sitariu v. Bains*, 2018 WL 4635702, at *3 (N.D.N.Y. July 13, 2018), *report and recommendation adopted*, 2018 WL 3812442 (N.D.N.Y. Aug. 10, 2018) (citing cases).  Here, the allegations would not appear to support an award of punitive damages.  *See, e.g.*, *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019).  This is a private dispute between private parties solely about the proper allocation of a settlement payment.  Plaintiff bears the burden of pleading facts to support

diversity, *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 323 (2d Cir. 2001), and on this record she has not done so.[1]  The Court, therefore, recommends dismissal based on lack of subject matter jurisdiction.

Because Plaintiff can establish neither basis for jurisdiction here, dismissal is appropriate.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[1] The Amended Complaint does cite one case in support of the claim for punitive damages. *See* Am. Compl. at p. 13 (citing 236 so,2d at 392) [sic].  That case, *Seals v. St. Regis Paper Co.*, 236 So. 2d 388 (Miss. 1970), does not support Plaintiff's claim for punitive damages for several reasons.  First, the Court there found that punitive damages were not appropriate.  *Id.* at 392  Second, this case, were it to proceed on the basis of diversity jurisdiction, would rely on New York law,  while Seals applied Mississippi law.  *Id.*

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: February 20, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge