UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                            Plaintiff,                     1:23-cv-664 (BKS/DJS)

v.

BIO-REFERENCE LABORATORIES, INC.,

                            Defendant.
_____

**Appearances:**

*Plaintiff pro se*:
Ernestine Welch
Hudson, NY 12534

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se Ernestine Welch filed this action seeking to recover the "lost time-value of money" that Defendant allegedly wrongfully withheld as taxes from an $18,000 settlement in a prior action. (Dkt. No. 1); *see Welch v. Boi-Reference Laboratories, Inc.*, No. 19-cv-846 (BKS/DJS). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on July 24, 2023, granted Plaintiff's application to proceed in forma pauperis, and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed for failure to allege federal question jurisdiction, but recommended that leave to amend be granted. (Dkt. No. 6). On September 8, 2023, Plaintiff filed a document purporting to contain a "Brief for Damages: For Lost Time – Value of Money," and also "Amended Pleadings." (Dkt. No. 9). This Court accepted Plaintiff's "Amended Pleadings" for filing as an Amended Complaint, denied the

Report-Recommendation as moot, and referred the pleading to Magistrate Judge Stewart for initial review under 28 U.S.C. § 1915(e). On February 20, 2024, Magistrate Judge Stewart issued a second Report-Recommendation, recommending that Plaintiff's Amended Complaint be dismissed with leave to amend for failure to adequately allege the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 11). Plaintiff was informed that she had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 4–5). On April 8, 2024, Plaintiff filed a "Response to Report-Recommendation and Order." (Dkt. No. 14). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

II.    **STANDARD OF REVIEW**

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

### III. REPORT-RECOMMENDATION

Magistrate Judge Stewart concluded that despite asserting federal question jurisdiction under 42 U.S.C. § 1983, the Amended Complaint, like the original Complaint, failed to show any basis for federal question jurisdiction. (Dkt. No. 11, at 2; *see* Dkt. No. 6, at 5 (finding that the original Complaint failed to identify a constitutional or statutory claim, or a "state actor alleged to have interfered with such a right, both of which are required for a claim under section 1983")). However, in light of Plaintiff's allegation that she was a New York resident and the indication in Plaintiff's submissions that the Defendant corporation was in New Jersey, Magistrate Judge Stewart concluded Plaintiff sufficiently alleged diversity of citizenship under 28 U.S.C. § 1332 at this stage of the proceedings. (Dkt. No. 11, at 3 (citing Dkt. No. 1, at 2, 17)). Magistrate Judge Stewart therefore considered whether the "matter in controversy exceeds the value of $75,000," 28 U.S.C. § 1332(a), as required for diversity jurisdiction. (Dkt. No. 11, at 3).

Noting that "the actual settlement amount in Plaintiff's prior litigation was only $18,000, and the disputed amount purportedly withheld incorrectly is even less," Magistrate Judge Stewart found that the "specific compensatory damages" sought were clearly below the $75,000 requirement." (Dkt. No. 11, at 3). Magistrate Judge Stewart next considered whether adding Plaintiff's request for punitive damages to the alleged compensatory damages would satisfy the amount in controversy requirement. (*Id.* (observing that "[f]ederal courts are clear that they will consider the addition of punitive damages as part of the jurisdictional prerequisite where such damages are permitted under the controlling law of the state" and that such claims are reviewed "with 'heightened scrutiny'" (quoting *Nwanza v. Time, Inc.*, 125 F. App'x. 346, 348–49 (2d Cir. 2005))). Finding that Plaintiff's claims involved "a private dispute between private parties solely about the proper allocation of a settlement payment" and that they did not suggest "egregious directed at the public generally," Magistrate Judge Stewart concluded that Plaintiff's "allegations

3

would not appear to support an award of punitive damages." (*Id.*). Magistrate Judge Stewart therefore recommended dismissal of the Amended Complaint for failure to allege diversity jurisdiction. (*Id.* at 3–4 (citing *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019))).

## IV.   DISCUSSION

### A.   Objections to the Report-Recommendation

In her "Response to Report-Recommendation and Order," Plaintiff includes a statement of "Jurisdiction," lists "Claims for Release," including "Negligence," and, read liberally, fraud, breach of contract, defamation, and "Intentional Tort," and seeks an award of $50,000 in monetary restitution, $250,000 in punitive damages, $6,000 in attorney fees, and $20,000 in "[i]nterest for lost value of money." (Dkt. No. 14, at 8). To the extent Plaintiff's assertions that she is seeking $50,000 in monetary restitution, as well as attorney's fees and interest constitute an objection to Magistrate Judge Stewart's finding that the "actual amount of specific compensatory damages is clearly below the $75,000 requirement under section 1332," (Dkt. No. 11, at 3), any objection is without merit. Absent facts that would support Plaintiff's request for $50,000 in monetary restitution in connection with an $18,000 settlement, there is no basis on which to conclude the amount in controversy would exceed $75,000. *See, e.g.*, *Arshadnia v. Best Buy Co.*, No. 23-cv-8639, 2023 WL 8456091, at *2 (E.D.N.Y. Dec. 6, 2023) (explaining that "[e]ven assuming all Plaintiff's allegations are true," the court could not "conclude to a reasonable probability that the amount in controversy is more than $75,000" as there were no "facts explaining how a dispute over goods worth $24,025, less than one-third of the jurisdictional threshold, creates a case where damages plausibly might exceed $75,000"). Further, even assuming attorney fees and interest are recoverable under the settlement agreement, *see In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740

(E.D.N.Y.2001) ("The Second Circuit has held that attorney's fees may be used to satisfy the amount in controversy only where they are recoverable as of right pursuant to statute or contract."); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994) (explaining that when interest "is owed as part of an underlying contractual obligation[,]" it is "part of the principal for jurisdictional purposes"), adding $6,000 in attorney fees and $20,000 in interest to the $18,000 settlement amount, would not place the amount in controversy above $75,000. Accordingly, the Court Plaintiff's objection is without merit

Further, to the extent Plaintiff objects to Magistrate Judge Stewart's finding that the Amended Complaint fails to allege punitive damages for purposes of establishing that the amount in controversy exceeds $75,000, (*see* Dkt. No. 14, at 10–11 (asserting claims of fraud and asserts that Defendant failed to act in good faith, breached its fiduciary duty, and "breached the [settlement agreement] for the sole purpose . . . of trying to harm plaintiff of [sic] economic gain")), the Court finds the objection lacks merit. Plaintiff's allegations of fraud and bad faith are based on Defendant's alleged failure to disclose the manner of payment or characterization of the settlement amount as "wages." (*Id.*). As these allegations allege little more than " 'ordinary' fraud and deceit,'" they fail to allege egregious conduct. *Tianbo Huang v. iTV Media, Inc.*, 79 F. Supp. 3d 458, 464 (E.D.N.Y. 2015) (finding that "even if the allegations (viewed in a light most favorable to plaintiff) demonstrate a clear intent to defraud, the conduct they describe is not egregious enough to warrant punitive damages" explaining that "[p]unitive damages 'have been refused in the 'ordinary' fraud and deceit case'") (quotation and citation omitted) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961)). Nor does Plaintiff allege any egregious conduct directed at the public. *See Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 266 (S.D.N.Y. 2017) ("Under New York law, to state a claim for punitive damages arising from a breach of contract,

5

the pleadings must show four elements: '(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally.'" (quoting *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316 (1995)). Thus, as Plaintiff's allegations are insufficient to support a claim of punitive damages, and fail to show that the matter in controversy exceeds $75,000, the Court adopts Magistrate Judge Stewart's recommendation that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

Finally, to the extent Plaintiff intends her "Response" as a "Second Amended Complaint," (Dkt. No. 14, at 1), the Court denies leave to file on grounds of futility because, as discussed above, it fails to allege subject matter jurisdiction. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility."). Although the Court rejects this proposed pleading, Plaintiff may again attempt to replead her claims as the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff be permitted to file an amended complaint within thirty (30) days of the date of this Order.

V.  **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 11) is **ADOPTED**; and it is further;

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED** with leave to amend; and it is further;

**ORDERED** that any second amended complaint must be filed **within thirty (30) days** of the date of this Order. Any second amended complaint must be a complete pleading which will replace the current complaint in total; and it is further;

**ORDERED** that if Plaintiff files a timely second amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely second amended complaint, the Clerk is directed to close this case; and it is further;

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 18, 2024</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge